**UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ALEX LOPEZ, on behalf of himself and all others similarly situated,<br><br>                                              Plaintiffs,<br><br>                    - against –<br><br>PLS GROUP, INC., PLS FINANCIAL SERVICES, INC., and PLS CHECK CASHERS OF NEW YORK, INC.<br><br>                                              Defendants. | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff Alex Lopez ("Named Plaintiff"), on behalf of himself and all others similarly situated (collectively "Plaintiffs"), by his attorneys, and for his Complaint against Defendants PLS Group, Inc., PLS Financial Services, Inc., and PLS Check Cashers of New York, Inc. (collectively referred to as "PLS"), alleges as follows:

<u>**NATURE OF ACTION**</u>

1.      This action is brought, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover unpaid overtime compensation owed to Named Plaintiff Lopez, and all similarly situated persons who are presently or were formerly employed by PLS.

2.      PLS is in the business of providing consumer financial retail services.

3.      PLS has over 300 branches in 11 states.

4.      Each branch is regularly staffed with Customer Service Representatives ("CSR"), Shift Supervisors, Assistant Store Managers ("ASM"), and Store Managers.

5.      In addition, PLS employs District Managers who are each responsible for overseeing work performed at multiple branches.

6.    At all times relevant to this litigation, PLS classified its CSRs and Shift Supervisors as non-exempt from the overtime requirements of the FLSA and compensated them on an hourly basis.

7.    At all times relevant to this litigation, PLS classified its ASMs, Store Managers, and District Managers as exempt from the overtime requirements of the FLSA and compensated them on a salary basis.

8.    Individuals hired to work as Store Managers and District Managers participate in PLS's management training program that involves shadowing and, to an extent, performing work as a CSR, Shift Supervisor, and ASM. The District Manager trainees also shadow and perform some of the work of a Store Manager.

9.    PLS's policy and practice is to compensate Store Manager and District Manager trainees on a salary basis during the entire training period regardless of the work they are performing.

10.    The primary duties of ASMs, Store Manager trainees, and District Manager trainees do not fall under any of the exemptions to federal overtime laws.

11.    ASMs, Store Manager trainees, and District Manager trainees regularly work in excess of 40 hours in a week.

12.    As a result, Named Plaintiff has commenced this action on behalf of himself and current and former employees of PLS that work(ed) as ASMs, Store Manager trainees, and District Manager trainees.

13.    PLS's failure to compensate Named Plaintiff and other ASMs, Store Manager trainees, and District Manager trainees on an hourly basis violated the overtime provisions of Section 7 of the FLSA.

14.     Named Plaintiff brings his FLSA claim as a collective action under 29 U.S.C. § 216(b). Named Plaintiff's consent form is attached hereto as Exhibit A.

## JURISDICTION

15.     Jurisdiction of this Court is invoked pursuant to FLSA, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

16.     The statute of limitations under the FLSA for willful violations is three (3) years. 29 U.S.C. § 255.

## VENUE

17.     Venue for this action in the Northern District of Illinois under 28 U.S.C. § 1391(b) is appropriate because Defendants reside in the Northern District of Illinois.

## THE PARTIES

*Named Plaintiff Alex Lopez*

18.     Named Plaintiff Alex Lopez is domiciled in Queens County, New York.

19.     Named Plaintiff was employed by PLS from approximately November 2014 through June 27, 2016.

20.     During his employment with PLS, Named Plaintiff performed the work of a Customer Service Representative, Shift Supervisor, Assistant Store Manager, Store Manager, and District Manager. Named Plaintiff also participated in PLS's management training program.

21.     Named Plaintiff regularly worked more than 40 hours per week while working under each of the above referenced job titles.

22.     Named Plaintiff typically worked from approximately 8:00 a.m. through 7:00 p.m. or 8:00 p.m. on Mondays through Fridays.  In general, Named Plaintiff normally worked more than 55 hours per week.

23.     During his employment with PLS, Named Plaintiff was compensated on a salary

basis regardless of the type of work he performed.

24.     Named Plaintiff is a covered employee within the meaning of the FLSA.

**Defendants**

***PLS Group, Inc.***

25.     Defendant PLS Group, Inc. ("PLS Group") is a Delaware corporation with its principal place of business at 1 South Wacker Drive, 36th Floor, Chicago, Illinois 60606.

26.     PLS Group is the holding company for Defendants PLS Financial Services, Inc. and PLS Check Cashers of New York, Inc.

27.     PLS Group operates in New York under the name PLS Check Cashers of New York, Inc.

28.     Throughout the relevant period, PLS Group employed Named Plaintiff and similarly situated employees within the meaning of the FLSA. PLS Group has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

29.     PLS Group is a covered employer within the meaning of the FLSA, and, at all relevant times, employed and/or jointly employed Named Plaintiff and similarly situated employees.

30.     At all relevant times, PLS Group maintained control, oversight and direction over Named Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

31.     PLS Group applies the same employment policies, practices, and procedures to all ASMs, Store Manager trainees, and District Manager trainees.

32.     At all relevant times, PLS Group's annual gross volume of sales made or business

done was not less than $500,000.

***PLS Financial Services, Inc.***

33.     PLS Financial Services, Inc. ("PLS Financial Services") is an Illinois corporation with its principal place of business at 1 South Wacker Drive, 36th Floor, Chicago, Illinois 60606.

34.     PLS Financial Services is a wholly owned subsidiary of PLS Group, Inc.

35.     PLS Financial Services, Inc. operates in New York under the name PLS Check Cashers of New York, Inc.

36.     Throughout the relevant period, PLS Financial Services employed Named Plaintiff and similarly situated employees within the meaning of the FLSA. PLS Financial Services has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

37.     PLS Financial Services is a covered employer within the meaning of the FLSA, and, at all relevant times, employed and/or jointly employed Named Plaintiff and similarly situated employees.

38.     At all relevant times, PLS Financial Services maintained control, oversight and direction over Named Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

39.     PLS Financial Services applies the same employment policies, practices, and procedures to all ASMs, Store Manager trainees, and District Manager trainees.

40.     At all relevant times, PLS Financial Services's annual gross volume of sales made or business done was not less than $500,000

***PLS Check Cashers of New York, Inc.***

41.     PLS Check Cashers of New York, Inc. ("PLS Check Cashers"), is a New York

corporation with its principal place of business located at 10 East Sunrise Highway, Freeport, New York, 11520.

42.     PLS Check Cashers is a wholly owned subsidiary of PLS Group, Inc.

43.     PLS Check Cashers operates under the name PLS Financial Services, Inc.

44.     Throughout the relevant period, PLS Check Cashers employed Named Plaintiff and similarly situated employees within the meaning of the FLSA. PLS Check Cashers has had substantial control over Plaintiff's working conditions and the unlawful policies and practices alleged herein.

45.     PLS Check Cashers is a covered employer within the meaning of the FLSA, and, at all relevant times, employed and/or jointly employed Named Plaintiff and similarly situated employees.

46.     At all relevant times, PLS Check Cashers maintained control, oversight and direction over Named Plaintiff and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

47.     PLS Check Cashers applies the same employment policies, practices, and procedures to all ASMs, Store Manager trainees, and District Manager trainees.

48.     At all relevant times, PLS Check Cashers's annual gross volume of sales made or business done was not less than $500,000.

## FLSA COLLECTIVE ACTION ALLEGATIONS

49.     This action is properly maintainable as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b).

50.     This action is brought on behalf of Named Plaintiff Lopez and all similarly situated persons who work or have worked for PLS as ASMs, Store Manager trainees, or District

Manager trainees at any branch location in the United States on or after July 28, 2013, who elect to opt-in to this action ("FLSA Collective").

51.     PLS assigned and/or is aware of all the work that Named Plaintiff and members of the FLSA Collective performed.

52.     As part of its regular business practice, PLS has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Named Plaintiff and the FLSA collective.  This pattern, practice, and/or policy includes, but is not limited to:

      a.  willfully failing to pay Named Plaintiff and the members of the FLSA Collective overtime compensation for the hours they worked in excess of 40 hours in a given week;

      b.  willfully misclassifying Named Plaintiff and members of the FLSA Collective as exempt from the protections of the FLSA; and

      c.  willfully failing to record all of the time that its employees, including Named Plaintiff and the FLSA Collective, have worked for the benefit of PLS.

53.     PLS is aware or should have been aware that federal law requires and required PLS to pay employees performing non-exempt duties, including Named Plaintiff and members of the FLSA Collective, an overtime premium for hours worked in excess of 40 hours per week.

54.     Named Plaintiff and the FLSA Collective all perform or performed the same primary duties.

55.     PLS's unlawful conduct has been widespread, repeated, and consistent.

## COMMON FACTUAL ALLEGATIONS

56.     Named Plaintiff Lopez and members of the FLSA Collective worked for PLS as ASMs, Store Manager trainees, or District Manager trainees.

57.     Throughout their employment with PLS, Named Plaintiff and the FLSA Collective consistently worked more than 40 hours per week.

58. PLS was aware that Named Plaintiff and the FLSA Collective worked more than 40 hours per workweek, yet PLS failed to pay them any overtime compensation for hours worked over 40 in a workweek.

59. PLS did not keep accurate records of hours worked by Named Plaintiff or the FLSA Collective.

60. Named Plaintiff and the FLSA Collective's primary duties were non-managerial.

61. Named Plaintiff and the FLSA Collective did not exercise any meaningful degree of discretion or independent judgment when performing their job duties, and were required to follow the policies, practices, and procedures set by PLS, as well as state and federal regulations. Named Plaintiff and the FLSA Collective did not have any independent discretionary authority to deviate from these policies, practices, and procedures.

62. For example, Named Plaintiff and the FLSA Collective did not have the authority to (a) create or implement management policies, practices, and procedures for PLS; (b) commit PLS in matters having significant financial impact; (c) set employee wages; (d) hire, fire, or promote employees; (e) perform performance evaluations that impact the condition of employment for employees; or (f) otherwise impose discipline on branch employees.

63. The job duties of Named Plaintiff and the FLSA Collective did not vary from store to store.

64. When working as ASMs, Named Plaintiff and the FLSA Collective's primary duties were to provide customer service as a PLS teller, resolving customer issues, ensuring that PLS cash drawers remain balanced, and assist the Store Manager with the day to day operations of the store. These duties are similar to the duties of hourly-paid CSRs and Shift Supervisors, who are classified by PLS as non-exempt.

65.     When working as ASMs, Named Plaintiff and the FLSA Collective were supervised by the Store Managers and District Managers.

66.     During the training process, Store Manager and District Manager trainees would shadow and, to an extent, perform some of the work of a CSR, Shift Supervisor, and ASM. The District Manager trainees also shadowed and performed some of the work of Store Managers.

67.     Named Plaintiff and the FLSA Collective that participated in PLS's training program spent months shadowing and performing the work of CSRs, Shift Supervisors, and ASMs before ever performing any work as a Store Manager or District Manager. Named Plaintiff spent approximately six months shadowing and performing the work of CSRs, Shift Supervisors, and ASMs before shadowing and performing some work as a Store Manager.

68.     Store Manager and District Manager trainees were paid on a salary basis even when their training was limited to observational work or to performing the work of non-exempt employees.

**FIRST CAUSE OF ACTION
AGAINST DEFENDANTS --
FLSA OVERTIME COMPENSATION**

69.     Named Plaintiff repeats and realleges the allegations set forth in the proceeding paragraphs.

70.     PLS has engaged in a widespread pattern and practice of violating the FLSA, as described in this Complaint.

71.     At all relevant times, Named Plaintiff and other similarly situated current and former FLSA Collective members were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

72.     The overtime provisions set forth in §§ 201, *et seq.* of the FLSA apply to PLS.

73.     PLS is an employer engaged in commerce and/or the production of goods for

commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

74.     At all relevant times, Named Plaintiff and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

75.     PLS failed to pay Named Plaintiff and the other similarly situated current and former FLSA Collective members the overtime wages to which they were entitled under the FLSA.

76.     PLS's violations of the FLSA, as described in this Complaint, have been willful and intentional. PLS failed to make a good faith effort to comply with the FLSA with respect to its compensation of Named Plaintiff and the other similarly situated current and former FLSA Collective members.

77.     Because PLS's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

78.     As a result of PLS's willful violations of the FLSA, Named Plaintiff and the other similarly situated current and former FLSA Collective members have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq.*

79.     As a result of PLS's unlawful acts, Named Plaintiff and the other similarly situated current and former FLSA Collective members have been deprived of overtime compensation and other wages in amounts to be determined at trial, plus interest, liquidated damages, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

**WHEREFORE**, Named Plaintiff and the FLSA Collective seek the following relief:

A.     That, at the earliest possible time, Named Plaintiff be allowed to give notice of this Collective Action, or that the Court issue such notice, to all members of the

FLSA Collective. Such notice should inform them that this civil action has been filed, the nature of the action, and their right to join this lawsuit, among other things;

B.     Unpaid overtime compensation plus liquidated damages pursuant to the FLSA and supporting United States Department of Labor Regulations;

C.     Pre-Judgment interest and post-judgment interest as provided by law;

D.     Reasonable incentive awards for the Named Plaintiff for the time and effort he has spent and will spend protecting the interest of the FLSA Collective;

E.     Attorneys' fees and costs of the action; and

F.     Such other injunctive or equitable relief as this Court shall deem just and proper.

## JURY DEMAND

Named Plaintiff, for himself and on behalf of all Class Members, demands a trial by jury on all issues so triable.

Dated: July 28, 2016

Respectfully Submitted,


 /s/Douglas M. Werman
One of Plaintiff's Attorneys

**WERMAN SALAS P.C.**
Douglas M. Werman
Maureen A. Salas
77 West Washington Street, Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008
Facsimile: (312) 419-1025

**VIRGINIA & AMBINDER, LLP**
Lloyd R. Ambinder (*pro hac vice* motion forthcoming)
James E. Murphy (*pro hac vice* motion forthcoming)
Jack L. Newhouse (*pro hac vice* motion forthcoming)
40 Broad Street, 7th Floor
New York, New York 10004
Telephone: (212) 943-9080
Facsimile: (212) 943-9082